PATRICK FITZSIMMONS *v.* PETER FLYNN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—606.]

**Absolute Conveyance May Be Shown to Be a Mortgage.**

> An absolute deed may be shown by evidence to be a mortgage; and where such a conveyance is made to create a lien only to secure an open account, and the account is barred by the statute of frauds, the mortgagor may have his title quieted as against such claim.

APPEAL FROM CAMPBELL CIRCUIT COURT.

February 25, 1886.

OPINION BY JUDGE PRYOR:

It is conceded by the appellant that the deed to the property in controversy was executed to him for the sole purpose of securing a lien on a debt due him by the grantor. This debt is in the nature of an open account, with no written evidence of the indebtedness or any part of it. An absolute conveyance may be shown to be a mortgage; and there is no pretense that a sale was made, or if so the facts not only conduce to show but establish a different state of case. Here the mortgagor has been in possession since the execution of the deed, for the period of fifteen years, and so far as this record shows is still in the possession. The only claim against the property is the open account that if owing is long since barred by the statutes of limitation. The appellant is asserting a right to the property, and in fact claims to be the owner in fee; and such being the case there is no reason why a bill can not be maintained to quiet the title, or to remove an incumbrance that clouds appellees' right to the use and enjoyment of the realty.

Judgment is *affirmed.*

*Hawkins and Hawkins, for appellant.*

*J. Creutz, for appellees.*